### 14126. Fife *v.* The State.

Luke, J. The evidence was wholly circumstantial and did not exclude every reasonable hypothesis save that of the defendant's guilt. The court, therefore, erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

Decided March 6, 1923.

Indictment for possessing liquor; from city court of Floyd county — Judge Nunnally. November 8, 1922.

Fife was convicted on the charge of having intoxicating liquor in his possession, custody, and control. From the evidence it ap-

pears that a county policeman went to the defendant's home with a search warrant and found him in a field, and that he told the policeman and persons with him that there was no whisky about the place, and told them to search all they wanted to; and they found between the mattresses on a bed in a room across the hall from the defendant's room a three-gallon jug about half full of corn whisky; and he disclaimed knowledge of the whisky and seemed very much surprised when it was found. One of the witnesses testified that when the barn was being searched, before the whisky was found between the mattresses, he was at the house and saw the defendant's wife take a jug from the kitchen to where the whisky was found. For the defendant there was evidence that at a late hour of the night before the morning on which the whisky was found, and when the defendant was in bed in his own room, one Skeen, who had been selling whisky at a party at another house, came to the defendant's house with the defendant's son, and was shown to the room in which the jug of whisky was afterwards found, and went to bed there, that when he went to the room he had a sack with a jug and some clothes in it, and that the defendant did not know before the next morning that Skeen was in the house. The defendant, in his statement at the trial, said that he was asleep when Skeen came to the house, and he did not know that Skeen spent the night there, and was surprised when the whisky was found. It was testified that he had " an excellent character."

*W. H. Ennis*, for plaintiff in error, cited: *Ga. App. Rep.* 23/9; 24/355, 357; 25/244, 427; 26/648.

*James Maddox, solicitor*, contra, cited: *Ga. App. Rep.* 23/14, 369; 24/427; 25/506, 541; 27/751.